FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN K.,<br><br>                Plaintiff,<br><br>  -vs-<br><br>MARTIN O'MALLEY, Commissioner of<br>Social Security, [1]<br><br>                Defendant. | No.   4:23-CV-5098-WFN<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br><br>ECF Nos. 8, 12 |

Pending before the Court are Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. ECF Nos. 8, 12. Attorney Chad Hatfield represents Nathan K. (Plaintiff); Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for benefits on November 9, 2020, alleging disability since January 1, 2019. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on May 18, 2022, and issued an unfavorable decision on June 13, 2022. Tr. 24-39. The Appeals Council denied

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

1  review on May 5, 2023.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner
2  on July 10, 2023.  ECF No. 1.

<strong>STANDARD OF REVIEW</strong>

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).   The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

<strong>SEQUENTIAL EVALUATION PROCESS</strong>

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the

ORDER GRANTING
PLAINTIFF'S MOTION - 2

claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 13, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 24-39.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 9, 2020, the application date.  Tr. 26.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder (ADHD), generalized anxiety disorder, panic disorder, and polysubstance use disorder.  Tr. 26.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels subject to the following non-exertional limitations: he would be limited to simple, routine tasks; he could have only occasional, superficial contact with the public; and he would need a routine, predictable work environment with clear, employer-set goals and expectations and no more than occasional changes.  Tr. 32.

At step four, the ALJ expedited the inquiry into Plaintiff's past relevant work.  Tr. 37.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 38.

The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date through the date of the decision.  Tr. 39

ORDER GRANTING
PLAINTIFF'S MOTION - 3

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ erred at step three; and (D) whether the ALJ erred at step five.  ECF No. 8 at 5.

**DISCUSSION**

**A.    Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ misevaluated two medical opinions.  ECF No. 8 at 8.   The Court discusses each in turn.

**1.  Rebecca Beutler, EdD.**

As relevant here, Dr. Beutler, Plaintiff's treating clinician, opined in both 2020 and 2022 that Plaintiff, among other things, was severely limited in completing a normal workday and workweek without interruptions from psychologically based symptoms.  Tr. 787, 1011.   The ALJ found Dr. Beutler's opinions unpersuasive.  Tr. 36.

The ALJ first discounted the opinions as overly reliant on Plaintiff's subjective complaints.  On this record, the ALJ erred by discounting the opinions on this ground.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same

ORDER GRANTING
PLAINTIFF'S MOTION - 4

manner to opinions regarding mental illness.") (cleaned up); *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.  In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness.").  Further, the record indicates Dr. Beutler's opinions were based on clinical observations and does not indicate the doctor found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinions. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a doctor's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").  The ALJ thus erred by discounting the opinions on this ground.

Next, the ALJ discounted the opinions on the ground "much more detailed psychiatric treatment notes found elsewhere in the medical evidence of record provide a more reliable picture of the claimant's mental functioning without substance use."  Tr. 37.  In support, the ALJ cited to a 124-page exhibit (treatment notes from 2019 through 2021) and a 17-page exhibit (treatment notes from August 2020).  As an initial matter, an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")).  Further, an ALJ's rejection of a clinician's opinion on the ground that it is contrary to unelaborated evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989);

ORDER GRANTING
PLAINTIFF'S MOTION - 5

1    *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating

2    their conclusions, ALJs "must set forth [their] own interpretations and explain why they,

3    rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

4    Cir. 1988)).  The reviewing court need not comb the administrative record to find specific

5    conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  The ALJ thus erred by

6    discounting the opinions on this ground.

7         Finally, the ALJ discounted the August 2020 opinion on the ground it was "of limited

8    relevance [*sic*] the period at issue in this decision, starting on the application date of

9    November 9, 2020."  Tr. 36.  This finding is unsustainable.  The Ninth Circuit has held that

10   "[m]edical opinions that predate the alleged onset of disability" – as opposed to the

11   *application date* – "are of limited relevance," noting that such limited relevance is

12   particularly true where, unlike here, disability is allegedly caused by a discrete event."

13   *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also,*

14   *e.g.*, *Henderson v. Comm'r of Soc. Sec. Admin.*, 2018 WL 2102401, at *9 (D. Or. May 4,

15   2018) ("While the date of the opinion may be one factor the ALJ can consider in giving an

16   opinion more or less weight, a medical opinion is not insignificant or not probative merely

17   because it is rendered prior to an alleged onset date, particularly in cases where the claimant

18   suffers from an ongoing impairment.").    Here, the record reflects that Plaintiff's

19   psychological impairments neither began at the time of the application date nor were caused

20   by a discrete event.  In cases concerning long-lasting mental impairments, as here, an ALJ

21   must evaluate the medical evidence "with an understanding of the patient's overall well-

22   being and the nature of [his] symptoms."  *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir.

23   2016).  Dr. Beutler's August 2020 opinion thus is relevant to the longitudinal understanding

24   of Plaintiff's symptoms.[2] Further, in tension with the ALJ's finding, the ALJ *credited* other

25

26   [2] *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995), on which the Commissioner relies,

27   *see* ECF No. 12 at 7, is plainly inapposite.  Johnson "injured her lower back" – a discrete

28   event – and one of her doctors offered a "retrospective" opinion dated six years after the

ORDER GRANTING
PLAINTIFF'S MOTION - 6

medical evidence predating the application date, as discussed above.  *See* Tr. 37.  The ALJ thus erred by discounting the opinions on this ground.

The ALJ accordingly erred by discounting Dr. Beutler's opinions.

**2.  David Morgan, Ph.D.**

Dr. Morgan examined Plaintiff on July 23, 2020, conducting a clinical interview and performing a mental status examination.  Tr. 285-90.  Dr. Morgan assessed the overall severity of Plaintiff's impairments as :marked" and opined Plaintiff had a series of marked limitations, including in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms.  Tr. 287.  The ALJ found Dr. Morgan's opinion unpersuasive.  Tr. 36.

The ALJ first discounted the opinion as unsupported by "contemporaneous objective findings."  Tr. 36.  On this record, the ALJ erred by discounting the opinion on this ground, for the same reasons discussed above.  *See Buck*, 869 F.3d at 1049; *Lebus*, 526 F. Supp. at 60.

The ALJ next discounted the opinion as inconsistent with unspecified "high-functioning activities of daily living," citing to numerous pages in the record.  Tr. 36.  On its own view of the record citations provided by the ALJ, the Court fails to discern how the activities described therein undermine the doctor's opined limitations.  The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion, rendered several months prior to the application date, as "of limited relevance to the period at issue in this decision."  Tr. 36.  For the same reasons discussed above, the ALJ erred by discounting the opinion on this ground.

---

expiration of Johnson's disability insurance and eleven years after Johnson's injury.  60 F.3d at 1432.  The Ninth Circuit concluded the ALJ properly discounted this opinion as "not substantiated by medical evidence relevant to the period in question."  *Id*. at 1433.  By contrast, Dr. Beutler's August 2020 opinion, rendered a few months prior to the application date, neither addressed a discrete event nor was retrospective in nature.

ORDER GRANTING
PLAINTIFF'S MOTION - 7

1    The ALJ accordingly erred by discounting Dr. Morgan's opinion.

2    **B.    Subjective Complaints**

3    Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom
4    complaints. ECF No. 8 at 18-20. Where, as here, the ALJ determines a claimant has
5    presented objective medical evidence establishing underlying impairments that could cause
6    the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only
7    discount the claimant's testimony as to symptom severity by providing "specific, clear, and
8    convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664,
9    678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing
10    reasons to discount Plaintiff's testimony.

11    The ALJ first discounted Plaintiff's testimony as inconsistent with the medical
12    evidence, to include Plaintiff's response to and course of treatment. Tr. 33-35. However,
13    because the ALJ erred in evaluating the opinions of Dr. Beutler and Dr. Morgan, and
14    necessarily failed to properly evaluate the medical evidence, as discussed above, this is not
15    a valid ground to discount Plaintiff's testimony.

16    The ALJ next discounted Plaintiff's testimony as inconsistent with his activities.
17    Tr. 33-34. In support, the ALJ noted Plaintiff reported "caring for pets, preparing simple
18    meals, going out alone, riding the bus, shopping in stores and via computer, and going to
19    church regularly." Tr. 34. However, Plaintiff's activities are neither inconsistent with nor a
20    valid reason to discount his allegations. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th
21    Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing
22    checks, and caring for a cat in one's own home, as well as occasional shopping outside the
23    home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044,
24    1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff
25    has carried on certain daily activities, such as grocery shopping, driving a car, or limited
26    walking for exercise, does not in any way detract from her credibility as to her overall
27    disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting
28    *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts,

ORDER GRANTING
PLAINTIFF'S MOTION - 8

including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).  Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).  The ALJ thus erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with his job-seeking efforts and work attempts.  Tr. 35.  These are insufficient reasons to discount Plaintiff's testimony.  *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) ("[I]f working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a nine week unsuccessful work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments.").

The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony.  Plaintiff contends the Court should remand for an immediate award of benefits.  ECF No. 8 at 21.  Such a remand should be granted only in a rare case and this is not such a case.  The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess the step three finding – which was based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony – and determine whether the RFC needs to be adjusted.  For this reason, the Court need not reach Plaintiff's remaining

ORDER GRANTING
PLAINTIFF'S MOTION - 9

assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of Dr. Beutler and Dr. Morgan, reassess Plaintiff's testimony, reevaluate Plaintiff's claims at step three, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Accordingly,

**IT IS ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, filed November 14, 2023, **ECF No. 8**, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, filed February 12, 2024, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 1st day of May, 2024.

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

05-01-24

ORDER GRANTING
PLAINTIFF'S MOTION - 10